Dear Mr. Abadie:
On behalf of the 29th Judicial District Indigent Defender Board (the Board), you ask clarification of the Public Records Act, LSA-R.S. 42:4.1, et seq., vis-a-vis the Board's obligation to publish the minutes of meetings. Specifically you ask if the Board's recent practice of publishing the entire set of minutes within the local newspaper is required by law.
LSA-R.S. 42:7.1 provides:
 A. All public bodies shall keep written minutes of all of their open meetings. The minutes to be kept by the legislature and legislative committees and subcommittees shall be governed by the provisions of LSA-R.S. 42:72. The minutes of all other public bodies shall include but need not be limited to:
 1. The date, time, and place of the meeting.
 2. The members of the public body recorded as either present or absent.
 3. The substance of all matters decided, and, at the request of any member, a record, by individual member, of any votes taken.
 4. Any other information that the public body requests be included or reflected in the minutes.
 B. The minutes shall be public records and shall be available within reasonable time after the meeting, except where such disclosures
 C. would be inconsistent with LSA-R.S. 42:6, LSA-R.S. 42:6.1, and LSA-R.S. 62.2, or rules adopted under the provisions of LSA-R.S. 42:7.2. (Emphasis added).
The foregoing statute mandates only that the minutes be made available within a reasonable time after the meeting. If a person requests to review the minutes, the public body is obligated to have the minutes prepared in a presentable manner for review. LSA-R.S. 42:7.1 does not require the public body to publish these minutes. Notwithstanding the provision of law, LSA-R.S. 43:171, in applicable part, mandates:
 A. (1) Levee, drainage, sub-drainage, road, sub-road, navigation, and sewerage districts, or other political subdivisions of the state
and parishes, shall have the proceedings of their board and such financial statements required by and furnished to the legislative auditor published in a newspaper. The newspaper shall be selected at their first meeting in June of each year for a term of one year. (Emphasis added).
This office has consistently determined that indigent defender boards are governing bodies of political subdivisions, and consequently, have the same general obligations and privileges as political subdivisions. See Opinions 96-478, 85-721, 93-276, and 94-529. Therefore, an indigent defender board would be required to publish the minutes of its proceedings pursuant to LSA-R.S.43:171.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: November 5, 1997
Kerry L. Kilpatrick Assistant Attorney General